## State of Connecticut *v.* Richard R. Barlow

Cotter, C. J., Loiselle, Bogdanski, Longo and Peters, Js.

Argued February 13—decision released April 24, 1979

*Igor I. Sikorsky, Jr.,* for the appellant (defendant).

*Bernard D. Gaffney,* assistant state's attorney, with whom, on the brief, was *George D. Stoughton,* state's attorney, for the appellee (state).

Cotter, C. J.  The defendant was charged with possession of cocaine, a narcotic substance, with intent to sell, in violation of Public Acts 1975, No. 75-567, § 65 (a).[1]  A jury found him guilty and he has taken an appeal from the judgment rendered on the verdict.

---

[1] See General Statutes § 19-480 (a).

At about 4 p.m. on March 19, 1976, Officer John Badolato of the capitol region crime squad in the company of other crime squad officers went to a motor inn in East Hartford. Badolato occupied one of the rooms at the inn and the other officers occupied an adjoining room. An informant, Chris Falk, was with him in the room and their objective was to meet with Barlow, who was known to both Badolato and Miss Falk. A meeting was arranged by telephone, and shortly after 6 p.m. the defendant arrived at the room where, in the presence of Miss Falk, he handed Officer Badolato a plastic bag containing 27.4 grams of cocaine in return for which he was to receive the agreed sum of $1600. Before the actual exchange took place, however, the officers in the adjoining room entered and placed Barlow under arrest. He was informed of his constitutional rights in the motel room, and later at police headquarters he was reminded again that he could remain silent. That evening at police headquarters a conversation ensued between Barlow and Officers Badolato and Newman. During the conversation Badolato remarked that he had experienced difficulty locating the defendant, to which Barlow stated that he had been in Florida. When Badolato said that it must be nice to be able to go to Florida, Barlow responded, inter alia, that he had been dealing for seven years, it was an easy way to make money, and he had never been caught before.

The first question submitted by the defendant in his appeal to this court is whether the trial court erred in allowing Officer Badolato to testify as to certain statements allegedly made by the defendant that he had been dealing for seven or eight years. In furtherance of this claim, the defendant argues

that his statements, conceded to be admissions of prior misconduct, had "no relation to the veracity of [his] testimony" and thus should not have been admitted against him during trial. He further contends that "[u]nder . . . state law, the trial judge has no discretion to allow testimony of misconduct not indicating a lack of veracity, even if the testimony should relate to some other aspect of the crime charged."

At the time of the offer of the testimony of Badolato and Officer Newman, who had overheard the conversation, the defendant had not testified; nor was there any representation that he would testify at the conclusion of the state's case. Hence, his credibility was not then in issue and testimony of his admissions was not offered for that purpose. The state explained it was making the offer to show that the defendant was the type of person who might well be in possession of an illegal drug for the purpose of a sale; and to satisfy the state's burden to prove possession and intent concerning the crime charged. Although evidence of prior acts of misconduct is not, as the state claims, admissible to prove the bad character of the accused or his tendency to commit criminal acts; *State* v. *Hauck,* 172 Conn. 140, 143–44, 374 A.2d 150; *State* v. *Brown,* 169 Conn. 692, 700–702, 364 A.2d 186; 1 Wigmore, Evidence (3d Ed.) §§ 215–218; such evidence is admissible for a variety of purposes, including that which tends to prove or establish such things as intent, an element in the crime, identity, malice, motive, or a system of criminal activity. *Spencer* v. *Texas,* 385 U.S. 554, 560–61, 87 S. Ct. 648, 17 L. Ed. 2d 606; *State* v. *Hauck,* supra; see 1 Wigmore, op. cit.; McCormick, Evidence (2d Ed.) § 190. Evidence otherwise relevant and material which

tends to link an accused with other misconduct, but is used to prove a variety of things, including intent, motive or a system of criminal activity, is not rendered inadmissible if the trial judge determines in the exercise of judicial discretion that its probative value outweighs its prejudicial tendency. *State* v. *Peary,* 176 Conn. 170, 174, 405 A.2d 626; *State* v. *Brown,* supra, 701. "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. *DiPalma* v. *Wiesen,* 163 Conn. 293, 298, 303 A.2d 709. Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. *Thomas* v. *Thomas,* 159 Conn. 477, 480, 271 A.2d 62; 1 Wharton, Criminal Evidence (13th Ed.) § 241." *State* v. *Brown,* supra, 702. On the state of the evidence before it, we cannot say that the court abused its discretion in allowing the testimony.

The defendant makes no claim that the testimony of the officers as to his verbal admission was inadmissible because of a failure of the officers to advise him of his constitutional rights. See *Miranda* v. *Arizona,* 384 U.S. 436, 467–73, 86 S. Ct. 1602, 16 L. Ed. 2d 694. There is no claim that the defendant was under interrogation at the time; rather, it appears that Barlow volunteered the statements as to his previous dealing in drugs over a period of years and that it was an easy way to make money. "Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by . . . [this decision]." *Miranda* v. *Arizona,* supra, 478; *State* v. *Bennett,* 171 Conn. 47, 52–53, 368 A.2d 184; *State* v. *Cobb,* 159 Conn. 31, 34, 266 A.2d 393; *United States* v. *Martin,* 511 F.2d 148, 151 (8th Cir.); *United States* v. *Sanchez,* 449

F.2d 204, 209 (5th Cir.) ; see *Fisher* v. *United States,* 425 U.S. 391, 400, 96 S. Ct. 1569, 48 L. Ed. 2d 39; cf. *State* v. *Moscone,* 171 Conn. 500, 511, 370 A.2d 1030. The court correctly ruled that the evidence was admissible at trial.

The other issue which the defendant raises and pursues in this appeal is that the trial court erred in excluding testimony by Lisa Ogden directly quoting statements allegedly made to her by Chris Falk, the defendant's former girl friend, whose whereabouts are unknown. Lisa Ogden, the proffered defense witness, testified at a preliminary hearing conducted by the trial court in the absence of the jury as to the admissibility of extrajudicial statements which the defendant claimed Chris Falk made to Ogden concerning what Falk intended to do by way of revenge to the defendant.

The defendant in his brief argues that Ogden's testimony was offered merely "to establish Miss Falk's vindictive state of mind with respect to the defendant, and not to prove that the accused was 'planted' with a narcotic drug." When the defendant offered this testimony at trial, defense counsel stated: "What I intend to show is that Miss Falk . . . has said on repeated occasions to Miss Ogden — this is the offer of proof I am making — that she intended to get Mr. Barlow, that she intended to plant something on him, and words to that effect. . . . I think that's a significant piece of testimony, with she such a central figure in this case."

Although the court refused to admit direct quotations of what Chris Falk is purported to have told Ogden, even if we accept the claim that the purpose

of the offer was to show Falk's state of mind, the defendant has not been harmed since the court's ruling did not totally preclude such an inquiry. The court stated: "If she wants to testify as to any reactions or Miss Falk's mood after the breakup, or whether there was animosity between them, in general terms, without attempting to quote any particular statement, I will permit that." Thereafter, the defendant testified and he also presented the testimony of Ogden evidencing the declarant's vindictiveness and anger.

Moreover, the trial court correctly excluded that portion of Ogden's proffered testimony which it considered to be hearsay evidence. The defendant was attempting thereby to introduce hearsay evidence of a statement made out of court by a third-party declarant which was offered or presented "as an assertion to show the truth of matters asserted therein [by Chris Falk], and thus resting for its value upon the credibility of [Miss Falk], the out-of-court asserter." McCormick, Evidence (2d Ed.) § 246; *Brown* v. *Crandall,* 11 Conn. 92, 94; cf. *DiMaggio* v. *Cannon,* 165 Conn. 19, 22, 327 A.2d 561; Holden & Daly, Conn. Evidence § 93. The reason for the general rule which excludes hearsay evidence unless it comes within one of the recognized exceptions is basically that the sanction of an oath and the test of cross-examination are absent; and the exceptions to the rule have been fashioned where the statements are made under conditions judged to render them equal in reliability and trustworthiness to those which are made under the sanctions described. *General Motors Acceptance Corporation* v. *Capitol Garage, Inc.,* 154 Conn. 593, 597, 599, 227 A.2d 548.

We cannot agree with the defendant's alternative claim that Chris Falk's out-of-court statements were admissible through the witness, Lisa Ogden, as declarations against interest. Even assuming that the statements in question were against Falk's interest, the dangers inherent in such declarations on the part of a third person require that the evidence under the circumstances be shown to be trustworthy, that is, as we said previously, that the safeguards reasonably equivalent to the oath and the test of cross-examination exist. *Ferguson* v. *Smazer*, 151 Conn. 226, 232–33, 196 A.2d 432. Therefore, it should be admitted only when the trial court concludes, in the exercise of its sound discretion, that the declaration meets this test. Id., 232–33; 5 Wigmore, op. cit., § 1457; cf. *State* v. *Stallings*, 154 Conn. 272, 287–88, 224 A.2d 718.

We conclude that the trial court, while permitting testimony of the declarant's frame of mind and attitude toward the defendant, did not abuse its discretion in excluding direct quotations by the witness Ogden of the out-of-court statements of the non-appearing witness.

There is no error.

In this opinion the other judges concurred.