STATE OF CONNECTICUT *v.* DEBORAH RYAN

COTTER, C. J., BOGDANSKI, SPEZIALE, HEALEY and PARSKEY, JS.

Argued October 14—decision released November 11, 1980

*Ronald E. Cassidento,* for the appellant-appellee (defendant).

*C. Robert Satti,* state's attorney, for the appellee-appellant (state).

PARSKEY, J. This appeal is taken from a judgment rendered pursuant to a jury verdict convicting the defendant of illegal possession of a narcotic substance, cocaine, in violation of General Statutes § 19-481 (a), and illegal sale of cocaine, in violation of General Statutes § 19-480 (a). Both crimes were alleged to have been committed on December 21, 1977. The defendant's sole claim on appeal is that

the trial court erred in admitting evidence of the defendant's presence at a prior drug transaction between two of the state's witnesses.[1]

At the trial, Ronald Simons testified that approximately one week before the occurrence of the events charged in the information the defendant was in a car with one Rene Sauzedde at the commuter parking lot at the junction of routes 2 and 16 in Colchester. At that time Simons purchased a vial of LSD[2] from Sauzedde for $200. The subsequent testimony of Sauzedde established that the LSD had been supplied by the defendant. He further testified that the defendant was his partner in the cocaine sale which was the subject of the defendant's trial and that she counted the money that Simons used to pay for the cocaine while she was in the back seat of the car. The trial court allowed the testimony concerning the prior LSD sale[3] because its probative value on the issue of the

---

[1] A second claim of error, that the court erred in admitting evidence obtained by an illegal search, was abandoned at oral argument.

[2] "LSD" refers to lysergic acid diethylamide; The Merck Index, (9th Ed. 1976) p. 732; which is a hallucinogenic substance. General Statutes § 19-450a (a) (C) (12). Its sale and possession is controlled under General Statutes §§ 19-480 (a) and 19-481 (b).

[3] We are concerned primarily with the Sauzedde testimony because it implicated the defendant criminally in the LSD sale. The Simons testimony established the defendant's presence, but not her culpability, regarding the prior sale. His testimony was admitted into evidence subject to a later connection demonstrating that the defendant was an active participant in the transaction. This connection was supplied when Sauzedde testified. In her brief, the defendant pursues her claim that the court erred in admitting Simons' testimony. To the extent that her argument rests on relevancy grounds, it fails because of the later connecting evidence showing her involvement to be criminal. To the extent that she now relies on the prejudicial impact of Simons' disclosure of her mere presence, we conclude that its prejudicial effect was minimal, especially in light of the more damaging Sauzedde disclosures which followed.

defendant's knowledge that a cocaine sale was to be effected at the parking lot on December 21, 1977, outweighed its prejudicial tendency.

Evidence of prior acts of misconduct is admissible to prove intent, an element of the crime, identity, or a system of criminal activity if the trial court determines, in the exercise of judicial discretion, that the probative value of the evidence outweighs its prejudicial tendency. *State* v. *Barlow,* 177 Conn. 391, 393–94, 418 A.2d 46 (1979). When subjected to appellate review, every reasonable presumption should be given in favor of the trial court's ruling. Id. Only where it appears that either the trial court abused its discretion or an injustice has been done will this court find reversible error on the basis of this sort of evidentiary ruling. *State* v. *Brown,* 169 Conn. 692, 702, 364 A.2d 186 (1975).

There is no serious dispute as to the relevancy of the testimony that the defendant was present at the earlier sale.[4] The prior LSD sale and the cocaine sale which was alleged in the information were similar in several respects: the same parties participated, the same location was used, the same method of rendezvous was employed and the defendant played a similar role in each transaction. The evidence of the prior sale allowed the jury to infer that the defendant's presence at the cocaine sale was with the full knowledge that a drug transaction was about to take place. It tended to show that far from being an innocent passenger in Sauzedde's car, who unexpectedly found herself in the middle of a drug transaction, she was in fact a fellow traveler in Sauzedde's criminal caravan.

[4] The defendant conceded relevancy at oral argument.

Once the relevancy of the evidence of prior misconduct is established, our inquiry then focuses on whether the trial court abused its discretion in ruling that the probative value of the evidence outweighed its prejudicial tendency. Although the evidence was damaging to the extent that it indicated that the defendant might have committed another crime in addition to that alleged in the information, it was not prejudicial in the sense that it was inflammatory or likely to arouse the passions of the jury.[5] When we consider the probative value of the evidence, we cannot say that the trial court, in conducting this balancing process, abused its discretion. See *United States* v. *Knuckles*, 581 F.2d 305, 314 (2d Cir.), cert. denied, 439 U.S. 986, 99 S. Ct. 581, 58 L. Ed. 2d 659 (1978); *United States* v. *Carlson*, 547 F.2d 1346, 1354 n.5 (8th Cir. 1976), cert. denied, 431 U.S. 914, 97 S. Ct. 2174, 53 L. Ed. 2d 224 (1977). The evidence of prior misconduct was properly admitted.

The state filed a cross-appeal in this matter which was abandoned in part at oral arument. The only remaining claim pressed by the state in this regard concerns an evidentiary ruling made by the trial court which the state wanted reviewed in the event that our reversal of the defendant's conviction made a new trial necessary. Because we find no error in the defendant's appeal, we need not reach the issue framed by the cross-appeal.

There is no error.

In this opinion the other judges concurred.

---

[5] The defendant does not claim that the court erred in any way by failing to instruct the jury adequately as to the role the evidence was to play in their deliberations. Proper limiting instructions often mitigate the prejudicial impact of evidence of prior misconduct. See *State* v. *Hauck*, 172 Conn. 140, 147, 374 A.2d 150 (1976).