STATE OF CONNECTICUT *v.* JAMES HOWARD

SPEZIALE, C. J., PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued May 11—decision released August 3, 1982

*Donald D. Dakers,* assistant public defender, for the appellant (defendant).

*Scott J. Murphy,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Michael Dearington,* assistant state's attorney, for the appellee (state).

ARMENTANO, J. The sole issue presented by this appeal is the propriety of the trial court's ruling allowing into evidence testimony concerning prior uncharged acts of sexual misconduct allegedly committed by the defendant.

The facts are not in dispute. On September 28, 1979, at approximately 9 o'clock in the evening, the victim, a twenty-three-year-old female, was brutally and sexually assaulted for approximately three hours in the Rockview Circle area of New Haven. The victim had been walking home after

attempting to visit a friend. After a man unknown to her had approached and passed the victim, he reversed direction, drew parallel to her, and spoke with her briefly. He then grabbed her neck from behind and, with a knife at her throat which she later described as brown and white in color, forced her backward into a nearby heavily wooded area. Once secluded, he ordered her to remove her clothing, whereupon she was subjected to repeated sexual and physical assaults. The victim later identified the defendant as her assailant both from police photographs and an in-person identification.

The defendant was charged with three counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a); one count of robbery in the first degree in violation of General Statutes § 53a-134 (a) (3); one count of kidnapping in the second degree in violation of General Statutes § 53a-94 (a); and one count of attempted assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-59 (a) (1). During the jury trial, the state moved to introduce evidence of a previous attempted sexual assault allegedly committed by the defendant two years prior to the charged crimes. After conducting an uncharged misconduct hearing outside the presence of the jury, the trial court admitted the evidence over the defendant's objection.

The victim of the prior incident, a twenty-four or twenty-five-year-old female, testified that on September 8, 1977, at approximately 2 o'clock in the afternoon, the defendant had attempted to assault her sexually. According to her testimony, while she was walking in the West Rock Nature Center in New Haven with a five-year-old boy the defend-

ant passed her, saying "Hi," and turned and approached her from the rear. Grabbing her neck from behind and placing a brown knife at her throat, the defendant allegedly forced her into some bushes and threatened to kill her if she did not remove her clothes. At this point the child started to cry, and the defendant left after securing the victim's promise not to report the incident to the police. Further testimony established that the 1977 and 1979 incidents occurred within a five minute walk of each other, and that each location was only a short walking distance from the residence of the defendant's mother. The defendant excepted to the admission of all testimony relating to the 1977 incident.

In this appeal from the judgment convicting him of the crimes as charged, the defendant claims error in the trial court's admitting the evidence of prior misconduct on the grounds that it is irrelevant to the charged crimes and that the inflammatory nature of the evidence outweighs its probative value. We disagree.

The admission of evidence of prior uncharged misconduct is a decision properly within the discretion of the trial court. E.g., *State* v. *Tucker,* 181 Conn. 406, 416, 435 A.2d 986 (1980); *State* v. *McCarthy,* 179 Conn. 1, 22, 425 A.2d 924 (1979); *State* v. *Turcio,* 178 Conn. 116, 129, 422 A.2d 749 (1979), cert. denied, 444 U.S. 1013, 100 S. Ct. 661, 62 L. Ed. 2d 642 (1980). Because of its prejudicial impact, it is well settled in Connecticut and other jurisdictions that evidence of prior acts of misconduct is inadmissible merely to show a defendant's bad character or tendency to commit criminal acts. *Spencer* v. *Texas,* 385 U.S. 554, 560–61, 87 S.

Ct. 648, 17 L. Ed. 2d 606, reh. denied, 386 U.S. 969, 87 S. Ct. 1015, 18 L. Ed. 2d 125 (1967); *State* v. *Barlow,* 177 Conn. 391, 393, 418 A.2d 46 (1979); *State* v. *Hauck,* 172 Conn. 140, 143–44, 374 A.2d 150 (1976). Equally well settled, however, are several exceptions to this general rule. Evidence tending to prove prior criminal conduct which is relevant and material to an element of the crime, identity, malice, motive, or which shows a pattern of criminal activity is admissible if the trial court determines, in the exercise of its sound discretion, that its probative value outweighs its prejudicial impact. *State* v. *Falby,* 187 Conn. 6, 23–24, 444 A.2d 214 (1982); *State* v. *Ryan,* 182 Conn. 335, 337, 438 A.2d 107 (1980); *State* v. *Barlow,* supra, 393–94. Because of the difficulties inherent in this balancing process, the trial court's decision will be reversed only where abuse of discretion is manifest or where an injustice appears to have been done. E.g., *State* v. *Tucker,* supra, 416; *State* v. *Turcio,* supra, 129; *State* v. *Hauck,* supra, 144. On review by this court, therefore, "every reasonable presumption should be given in favor of the trial court's ruling." *State* v. *Ryan,* supra.

Both parties agree that the determinative issue at trial was the identity of the victim's assailant. The state offered the prior misconduct evidence as probative on the issue of identity.[1] When a court assesses the relevance of the challenged evidence

---

[1] At the conclusion of the uncharged misconduct hearing, the trial court admitted the evidence for the purpose of showing a common plan, design, or scheme, not for identity purposes, because it "[did] not know what the identity situation is going to be." In its jury instructions, however, the trial court instructed the jury that the prior misconduct evidence may be considered as evidence of identity if the jury found a common scheme or pattern between the two incidents.

to this issue, the similarity of the incidents becomes paramount. *State* v. *Ibraimov,* 187 Conn. 348, 352, 446 A.2d 382 (1982); *State* v. *Hauck,* supra, 145–47. Although there are some dissimilarities between the assaults,[2] these difficulties are far outweighed by the similarities between the 1977 and 1979 incidents. Both were committed against women of similar age and only a short distance apart. Most significantly, however, the methods allegedly employed by the defendant in approaching, accosting, detaining and threatening the victim were virtually identical. Moreover, although the two-year period between the assaults bears adversely on the issue of relevancy, this concern is in large part mitigated by the fact that following the prior misconduct the defendant was incarcerated for approximately ten months and subsequently sent to a halfway house.[3]

The similarities between the two incidents distinguish the present case from *State* v. *Ibraimov,* supra. In *Ibraimov,* although the charged crimes and subsequent misconduct fell into the same class of offenses, significant differences in the context and modus operandi of the incidents were apparent from the evidence. Id., 353. Further, "none of the

---

[2] The 1977 attempted assault was committed in the daytime against a white woman accompanied by a child, while the 1979 assault was committed at night against a black woman walking alone.

[3] This information was made available to the trial court during its uncharged misconduct hearing, but was not presented to the jury. Remoteness in time is only one factor in considering the relevancy of the prior misconduct. *United States* v. *Smith,* 432 F.2d 1109, 1112 (7th Cir. 1970), cert. denied, 401 U.S. 911, 91 S. Ct. 875, 27 L. Ed. 2d 810 (1971). Where the incidents possess such striking similarities, we are not prepared to construe the fourteen-month period between the end of the defendant's incarceration and the charged crimes as rendering the prior incident so remote in time as to be irrelevant.

common features of the two sexual assaults [could] fairly be characterized as sufficiently distinctive to support a reasonable belief that the same person committed both." Id., 354. In contrast, the present case reveals similarities between the two incidents sufficiently common and distinctive to warrant admission of the prior misconduct evidence. Moreover, although the record before us does not indicate whether the defendant filed a notice of alibi in response to the state's request; see Practice Book §§ 763, 764; unlike the defendant in *Ibraimov* he nevertheless introduced evidence that sounded in alibi. This the defendant accomplished through the witness Charles Hogan, who testified that he saw the defendant at 9 or 9:30 o'clock on the night of the charged crimes at the halfway house where both Hogan and the defendant were then residing and which was located some distance from the scene of the assaults in this case. An examination of Hogan's testimony demonstrates that its only reasonable thrust was to place the defendant some distance from the scene in a time frame that would serve to spawn doubt on the state's claim identifying him as the assailant. Because this alibi evidence is merely a rebuttal of the state's evidence of identity; see *State* v. *Williams,* 169 Conn. 322, 329, 363 A.2d 72 (1975); this additional distinction from *Ibraimov* renders the challenged evidence more probative in the present case. Because of the striking similarities between the two incidents, we conclude that the prior misconduct evidence is relevant and material on the issue of identity. Cf. *State* v. *Nardini,* 187 Conn. 513, 519, 447 A.2d 396 (1982).

We must next determine whether the trial court abused its discretion in determining that the probative value of the evidence outweighed its prej-

udicial impact. Although prior misconduct evidence tending to show attempted sexual assault is certainly damaging to the defendant, as previously noted the marked similarity between the two incidents, if accepted by the trier of fact, renders it particularly probative on the issue of identity.[4] This court has indicated a willingness to admit evidence of prior sex-related misconduct when it is strikingly similar to the charged crimes. *State* v. *Hauck,* supra, 145. Further, the trial court gave instructions to the jury concerning the prior misconduct evidence, expressly prohibiting its use to show bad character or a tendency to commit criminal acts and limiting its use, if determined to be credible, to the issue of identity. Limiting instructions serve to minimize the prejudicial impact of prior misconduct evidence. *State* v. *Ryan,* supra, 338n; *State* v. *Hauck,* supra, 147. On the basis of the record before us, we cannot say as a matter of law that the trial court abused its discretion or committed an injustice.

There is no error.

In this opinion SPEZIALE, C. J., PETERS and HEALEY, Js., concurred.

SHEA, J. (concurring). My only disagreement with the majority opinion pertains to the portion which relies upon alibi evidence presented by the defendant as a ground for justifying a ruling on

[4] We are not persuaded by the defendant's additional and somewhat circular claim that the prior misconduct evidence is merely cumulative and therefore unnecessary to establish guilt, while the admission thereof constitutes reversible error by the trial court because of its prejudicial nature. The state may introduce all legally competent evidence which aids the trier of fact in determining the relevant issues. *Burns* v. *Gould,* 172 Conn. 210, 214, 374 A.2d 193 (1977).

evidence made at an earlier stage of the trial while the state's case was in progress. Subsequent events at a trial may cure an incorrect ruling or render it harmless, but whether it was originally erroneous must depend wholly upon the situation which confronted the court at the time of the ruling. I do not understand the opinion to find any fault in the admission of the prior misconduct evidence and, therefore, the harmless error approach is unnecessary and inappropriate.

I also fail to comprehend how the particular alibi evidence mentioned, which tended merely to dispute the identification of the defendant as the assailant, serves to support the ruling in question or render it less harmful than otherwise.

I concur in the remainder of the opinion and in the result.