STATE OF CONNECTICUT *v.* RUBEN POLANCO
(9219)

DALY, LAVERY and LANDAU, Js.

Argued May 2—decision released September 24, 1991

*Jon L. Schoenhorn,* for the appellant (defendant).

*Leon F. Dalbec, Jr.,* assistant state's attorney, with whom, on the brief, was *Patricia Swords,* state's attorney, for the appellee (state).

LANDAU, J. The defendant appeals from a judgment of conviction, rendered after a jury trial, of larceny in the fourth degree by receiving stolen property in violation of General Statutes §§ 53a-125 and 53a-119 (8).[1] On appeal, the defendant claims that the trial court improperly (1) permitted repeated references to a prior criminal trial, (2) allowed the introduction of evidence of an act of prior misconduct, (3) failed to instruct the jury on the unreliability of accomplice testimony, and (4) instructed the jury on the guilty knowledge element

---

[1] General Statutes § 53a-119 (8) provides in pertinent part: "A person is guilty of larceny by receiving stolen property if he receives, retains, or disposes of stolen property knowing that it has probably been stolen or believing that it has probably been stolen . . . ."

General Statutes § 53a-125 provides in pertinent part: "LARCENY IN THE FOURTH DEGREE: CLASS A MISDEMEANOR. (a) A person is guilty of larceny in the fourth degree when he commits larceny as defined in section 53a-119 and the value of the property or service exceeds five hundred dollars."

of the crime of receiving stolen property. The judgment of the trial court is affirmed.

The jury could reasonably have found the following facts. In 1988, numerous textbooks, typewriters and computers disappeared from the physics department at the University of Hartford. Affixed to each of the computers were both a University of Hartford identification label and a manufacturer identification label. Harold Aronson, a research assistant at the University of Hartford, initially approached the defendant while the defendant was working at A & S Auto Parts and offered to sell him an Apple II-E computer for $200. The defendant was employed part-time at A & S Auto Parts and full-time as a Hartford police officer. He agreed to purchase the computer for $100 and requested a receipt. Aronson gave the defendant a receipt, signing it with his correct name and address. The University of Hartford label, but not the manufacturer's label, had been removed prior to the purchase.

Aronson approached the defendant a few days later and attempted to sell him a broken Smith Corona typewriter. The defendant declined. Aronson then gave the broken typewriter to the defendant at no charge. The defendant did not request a receipt. At some point during this encounter the defendant informed Aronson that he was a Hartford police officer.

In October, 1988, Aronson confessed to the thefts and led the West Hartford police to A & S Auto Parts. On the basis of Aronson's confession, a search was ordered of the defendant's residence. An Apple II-E computer and a Smith Corona typewriter, identified as having been stolen from the University of Hartford, were discovered. The defendant ·was subsequently arrested and charged with receiving stolen property.

I

In his first claim, the defendant alleges that the trial court improperly permitted references to his prior con-

spiracy trial which arose from the same facts as this case and which resulted in a mistrial. The defendant asserts that the trial court improperly (1) determined that the defendant's cross-examination of Aronson invited his reference to the defendant's prior trial, (2) admitted into evidence a "face sheet" to the transcript of the defendant's conspiracy trial, and (3) allowed the state's attorney to refer to the prior trial in her closing argument. The defendant asserts that each of these references to his earlier trial were prejudicial. We conclude that the trial court properly admitted these references after it determined that the defendant had introduced the reference to the prior trial.

A

On direct examination, Aronson testified to details that he had failed to disclose to the police during his confession in 1988. After hearing this testimony and before his cross-examination of Aronson, the defendant announced to the court his intention to refer to the defendant's prior conspiracy trial. The trial court acknowledged the defendant's intention and advised him that it was his responsibility to phrase his questions appropriately.

The defendant then attempted to impeach Aronson with the details disclosed during direct examination that had not been disclosed to the police during Aronson's confession. In doing so, the defendant alluded to his own prior trial. Specifically, the defendant asked "Well, what flagged your memory yesterday that you could talk about the ones you talked about yesterday that you didn't tell the police on October 5, 1988?" Aronson responded that his memory had been flagged by "the trial—Ruben's last trial." The defendant immediately moved for a mistrial. The court denied the motion on the ground that the defendant had "opened the door" by his open-ended question. The defendant took an exception.

The court also admonished Aronson not to refer to the prior trial in answering the defendant's questions and advised the defendant, in Aronson's presence, that it would caution Aronson not to discuss the prior trial only if the defendant avoided that line of questioning. After further questioning, the defendant again alluded to the prior trial. Before giving his response, Aronson asked the court if he was free to answer as he pleased. The court responded in the affirmative and Aronson again referred to the prior trial. The court then instructed the jury to disregard that portion of the answer that referred to the previous trial. Subsequent questioning again resulted in a reference to the defendant's prior trial.

As long as an answer is clearly responsive to the question asked, a questioner may not later rely on the admission of evidence that he himself introduced as a basis for a reversal of his conviction. *State* v. *Smith,* 212 Conn. 593, 611, 563 A.2d 671 (1989); *State* v. *Anderson,* 20 Conn. App. 271, 279 n.3, 566 A.2d 436 (1989). The defendant's question invited the witness' response. Thus, although not phrased in language that the defendant would have preferred, Aronson's answer was responsive to the question asked. See *State* v. *Smith,* supra. The trial court, therefore, properly admitted Aronson's references to the defendant's prior trial in his responses to the defendant's cross-examination.

B

The defendant next asserts that the court improperly admitted into evidence the "face sheet" or title page to excerpts from a transcript of the defendant's prior conspiracy trial. He asserts that this evidence was prejudicial. We disagree and conclude that the trial court correctly admitted the title page to explain the contents of the transcript.

The defendant initially objected to the introduction of the entire transcript, including the title page. After the trial court approved this admission, the defendant repeated his objection to the admission of the title page because it referred to "some other proceeding." The trial court admitted the title page, explaining that "it's fair for the jury to understand what they're reading and where this comes from. . . . The issue of the fact that there was a prior trial is now clearly before the jury and has been for many days now so that they're entitled to know that."

It is within the trial court's discretion to admit or exclude evidence that is cumulative. *State* v. *Mason,* 186 Conn. 574, 581, 442 A.2d 1335 (1982); see *State* v. *Jones,* 132 Conn. 682, 683, 47 A.2d 185 (1946). At the time that the title page was introduced, the fact that there had been a prior trial was clearly before the jury, due to repeated references by both parties during Aronson's cross-examination. We conclude, therefore, that the trial court did not abuse its discretion after determining that the evidence was cumulative and the admission of this evidence was not prejudicial.

C

The defendant also asserts that the trial court improperly allowed the state's attorney in her closing argument to use the term "prior trial" rather than "prior proceeding" and to refer to the transcript of that prior trial. The defendant concedes that this claim was not properly preserved and seeks review under *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989), or as plain error under Practice Book § 4185.[2] In general, "the

---

[2] Practice Book § 4185 provides in pertinent part: "The [appellate] court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The [appellate] court may in the interests of justice notice plain error not brought to the attention of the trial court."

admissibility of evidence is a matter of state law and unless there is a resultant denial of fundamental fairness or the denial of a specific constitutional right, no constitutional issue is involved." *State* v. *Periere,* 186 Conn. 589, 611, 442 A.2d 1345 (1982); *State* v. *Walker,* 215 Conn. 1, 5, 574 A.2d 188 (1990). We conclude that the defendant's claim fails to implicate a constitutional right, thus it does not merit *Golding* review. The defendant's claim also does not rise to the level of plain error. Plain error review " ' "is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings" ' "; *State* v. *Ralph,* 17 Conn. App. 247, 249, 551 A.2d 774 (1989), quoting *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985); and results in an unreliable verdict or miscarriage of justice. *Barca* v. *Barca,* 15 Conn. App. 604, 606, 546 A.2d 887, cert. denied, 209 Conn. 824, 552 A.2d 430 (1988). Because the defendant's claim fails to raise such an issue, plain error review is not warranted.

## II

The defendant's second claim is that the trial court improperly permitted the introduction of evidence concerning a 1985 Hartford police department internal affairs investigation and his subsequent ten day suspension. This evidence was contained in one of the excerpts from the transcript of the defendant's prior trial. Although we agree that the admission of this evidence was improper, we conclude that it was harmless.

In 1985, the defendant was the subject of an internal affairs investigation by the Hartford police department for allegedly receiving a stolen camera from an indi-

vidual considered to be a "known criminal." Although the investigation yielded no evidence that the camera was in fact stolen, the defendant was suspended for ten days for "associating with a known criminal." Three years later, and after his arrest in this case, the defendant filed a complaint with the Federal Bureau of Investigation (FBI) alleging that he had been set up by the Hartford police department.

At trial the defendant objected to the introduction of this portion of the transcript, arguing that it was collateral and prejudicial. The state, however, asserted that the transcript constituted a statement of the defendant, and the court admitted it as such. During cross-examination of the defendant, the state specifically referred to the 1985 investigation. The defendant objected on the basis of remoteness, irrelevancy and prejudice.[3] The state contended that the investigation and complaint to the FBI were relevant in explaining why the defendant requested a receipt for the computer. The trial court admitted the reference as relevant because the defendant did not lodge his complaint with the FBI until after his arrest in this case.

"The admission of evidence of prior uncharged misconduct is a decision properly within the discretion of the trial court." *State* v. *Howard,* 187 Conn. 681, 684,

[3] The present claim is distinguishable from the claim raised in *State* v. *Moore,* 23 Conn. App. 479, 581 A.2d 1071, cert. denied, 217 Conn. 802, 583 A.2d 132 (1990). In *Moore,* the trial court denied the defendant access to a prosecution witness' personnel and internal affairs file sought pursuant to a claim of privilege. Although the defendant in this case objected at trial to the introduction of the internal affairs investigation, he did not then advance as a ground for exclusion that this evidence was privileged. Because appellate review of evidentiary rulings of the trial court is limited to the specific issues raised by trial counsel's objection; Practice Book §§ 3063 and 288; we limit our review to the issues expressly raised by defense counsel. See *State* v. *Rothenberg,* 195 Conn. 253, 262–63, 487 A.2d 545 (1985).

447 A.2d 1167 (1982); see *State* v. *Tucker,* 181 Conn. 406, 416, 435 A.2d 986 (1980). Because of its prejudicial impact, evidence of prior misconduct is inadmissible to show a defendant's bad character or tendency to commit criminal acts. *Spencer* v. *Texas,* 385 U.S. 554, 560–601, 87 S. Ct. 648, 17 L. Ed. 2d 606 (1967); *State* v. *Brown,* 199 Conn. 47, 56, 505 A.2d 1225 (1980); *State* v. *Johnson,* 190 Conn. 541, 548, 461 A.2d 981 (1983); *State* v. *Howard,* supra. Such evidence is admissible, however, where it is relevant and material to an element of the crime, identity, malice, motive or shows a pattern of criminal activity, and its probative value outweighs its prejudical impact. *State* v. *Howard,* supra, 685, citing *State* v. *Falby,* 187 Conn. 6, 23–24, 444 A.2d 213 (1982). The rationale of this rule is to guard against its use merely to show an evil disposition of an accused, and especially the predisposition to commit the crime with which he is now charged. *State* v. *O'Neill,* 200 Conn. 268, 273, 511 A.2d 321 (1986).

The trial court's decision will be reversed only where an abuse of discretion is manifest or where an injustice appears to have been done. *State* v. *Johnson,* supra, 548–49; *State* v. *Howard,* supra. " ' " 'Discretion means "a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . ." ' " *State* v. *Battle,* [170 Conn. 469, 476, 365 A.2d 1100 (1976)]; see *Hammerberg* v. *Leinert,* 132 Conn. 596, 604–605, 46 A.2d 420 [1946].' . . ." *State* v. *Sierra,* 213 Conn. 422, 435, 568 A.2d 448 (1990). A trial court is faced with the problem of balancing the actual relevancy of the acts of misconduct "in light of the issues and the other evidence available to the prosecution against the degree to which the jury will probably be roused by the evidence." (Citations omitted.) *State* v. *Sierra,* supra; *State* v. *Onofrio,* 179 Conn. 23, 29, 425 A.2d 560 (1979).

The central issue at trial was the defendant's knowledge of whether the property was stolen. The 1985 investigation was introduced to establish that the defendant was motivated to request a receipt for the computer as protection in the event that he was being set up by the Hartford police department. The trial court abused its discretion in this case because evidence of his request for a receipt was only slightly probative of the issue of the defendant's knowledge while the prejudice of a prior investigation involving his receiving stolen goods was great. See *State* v. *Onofrio,* supra, 29–30.

Although we find that the trial court improperly admitted the reference to the police department's investigation and the defendant's subsequent complaint, we conclude that it was harmless. In general, the admissibility of evidence does not constitute a constitutional issue. *State* v. *Walker,* supra; *State* v. *Smith,* 198 Conn. 147, 156, 502 A.2d 874 (1985). " ' "When a trial error in a criminal case does not involve a constitutional violation the burden is on the defendant to demonstrate the harmfulness of the court's error. . . . The defendant must show that it is more probable than not that the erroneous action of the court affected the result." ' " (Citations omitted.) *State* v. *Sierra,* supra, 436. In light of the evidence presented at trial and the fact that the investigation failed to conclude that the defendant had received stolen property, the defendant has failed to sustain his burden, and we conclude that the admission of the evidence was harmless.

### III

The defendant next claims that the trial court improperly refused to instruct the jury on the inherent unreliability of Aronson's accomplice testimony. We disagree with the defendant because Aronson cannot properly be classified as an accomplice to the defendant's actions.

An accomplice is one who, acting with the mental state required for the commission of an offense, solicits, requests, commands, importunes or intentionally aids another person to engage in conduct that constitutes an offense. General Statutes § 53a-8. In addition to criminal intent, an accomplice must also possess community of unlawful purpose or "a sort of partnership in purpose and conduct." *State* v. *Enanno,* 96 Conn. 420, 425, 114 A. 386 (1921); *State* v. *McCalpine,* 190 Conn. 822, 832, 463 A.2d 545 (1983).

The defendant was charged with receiving stolen property. General Statutes § 53a-119 (8). The elements of this offense are: " '1. The property must have been stolen. 2. It must have been received by the accused with the knowledge that it was stolen. 3. It must have been concealed within the meaning of the law. 4. It must have been received and concealed by the accused with a felonious intent.' " *State* v. *Huot,* 170 Conn. 463, 467, 365 A.2d 1144 (1976). The seller and the purchaser of stolen goods each approach the sale from different directions and with different intents. *State* v. *Teahan,* 50 Conn. 92 (1882). A seller, therefore, is not an accomplice to the purchaser because an accomplice must "stand in the same relation to the crime as the criminal—approach it from the same direction, touch it at the same point." Id., 101. Because the seller of stolen goods cannot be an accomplice to a receiver of stolen goods, the trial court was not required to instruct on accomplice testimony.

## IV

The defendant finally claims that the trial court improperly instructed the jury on the burden of proof in its instruction on circumstantial evidence. The defendant directs our attention to the following portion of the jury instruction: "Ordinarily, guilty knowledge can be established only through an inference from

other proven facts and circumstances. The inference may be drawn if the circumstances are such that a reasonable man of honest intention in the situation of the defendant would have concluded that the computer or the typewriter were stolen."

It is axiomatic that a jury charge must be read as a whole. *State* v. *Grullon,* 212 Conn. 195, 204, 562 A.2d 481 (1985). An attempt to assert reversible error by culling a single phrase or inaccurate statement must fail unless it is reasonably possible that the jury was misled. Id.

A review of the charge in its entirety reveals that the defendant is challenging an element of the crime charged rather than the court's instruction regarding the use of circumstantial evidence. The defendant was charged with receiving stolen property. General Statutes § 53a-119 (8). In order to convict a person under this statute, the jury must be convinced, beyond a reasonable doubt, that the defendant knew that the property "ha[d] probably been stolen or believ[ed] that it ha[d] probably been stolen." It is well established that whether the defendant possesses such knowledge may be inferred if the circumstances are such "that a reasonable man of honest intentions, in the situation of the defendant, would have concluded that the property was stolen." *State* v. *Simino,* 200 Conn. 113, 119, 509 A.2d 1039 (1986), quoting *State* v. *Fredericks,* 149 Conn. 121, 124, 176 A.2d 581 (1961). The trial court, therefore, properly instructed the jury and there is no reasonable possibility that the jury was misled.

The judgment is affirmed.

In this opinion the other judges concurred.