## STATE OF CONNECTICUT *v.* EFRAIN VILLANUEVA
## (15112)

O'Connell, Lavery and Landau, Js.

Argued January 22—officially released March 11, 1997

*Norman A. Pattis,* special public defender, for the appellant (defendant).

*John A. East III,* with whom, on the brief, were *John A. Connolly,* state's attorney, and *Cara F. Eschuk,* assistant state's attorney, for the appellee (state).

LAVERY, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of two counts of sexual assault in the first degree in violation of Gen-

eral Statutes § 53a-70 (a) (2)[1] and two counts of risk of injury to a child in violation of General Statutes (Rev. to 1995) § 53-21.[2] The defendant claims that (1) the trial court improperly refused to instruct the jury concerning "constancy of denial," (2) during final argument the state improperly referred to the defendant's failure to attend a scheduled meeting with the police, and (3) the trial court improperly denied the defendant's request to poll the jury upon return of the verdict. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The victim, who at the time of the incidents giving rise to these convictions was twelve years old, is a female with mild mental retardation. In 1993, the victim was introduced to the defendant, who at that time was twenty-six years old. Sometime in early September, 1993, the victim accepted an automobile ride from the defendant. The defendant drove the victim to a sparsely furnished vacant apartment in Waterbury and, over the victim's protestations, had sexual intercourse with her. The defendant eventually drove the victim to her home. The victim did not inform anyone about the incident. Two weeks after the first incident, the defendant again drove the victim to the vacant apartment and, over her protestations, had sexual intercourse with her.

On October 13, 1993, the victim was approached by the defendant at the Waterbury town green. The defend-

[1] General Statutes § 53a-70 (a) provides in pertinent part: "A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ."

[2] General Statutes (Rev. to 1995) § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

ant asked the victim to accompany him while he delivered pizza. The victim, having run away from home that day, agreed to accompany him. Later that evening, the defendant drove the victim to a nearby motel, where he registered for a room, listing himself as the occupant. Once in the motel room, the defendant, over the protestations of the victim, again engaged in sexual intercourse with her. After the October 13, 1993 incident, the victim had no further contact with the defendant.

I

The defendant's first claim is that the trial court violated his constitutional right to equal protection and due process[3] when it declined to instruct the jury regarding "constancy of denial."[4] At the center of the defendant's argument is his contention that the constancy of accusation doctrine is unconstitutional and unfair. The defendant, therefore, contends that the constancy of denial instruction is constitutionally required to offset the harmful impact of the constancy of accusation instruction. We disagree.

[3] The defendant claims that his rights guaranteed by the fourteenth amendment to the United States constitution and article first, § 20, of the Connecticut constitution were violated.

[4] The defendant's proposed instruction concerning "constancy of denial" states: "Since the State is allowed to prove that, outside of court, the victim had earlier complained of the injury done to her, [to] show that she did not keep silent about it until she came to court to testify, it is only fair and just and equitable that you be reminded that the defendant in this matter has likewise been constant in his denial of having committed the crimes alleged against him. This evidence is admitted solely to corroborate his testimony in court. It is to be considered by you only in determining the weight and credibility you will give the defendant's testimony; and, in determining the extent you will find such corroboration in his out-of-court statements, you should carefully consider all the circumstances under which they were made. You should particularly consider whether he has been constant and consistent in what he has said. To the extent he has been consistent in what he has said, you may find his testimony in court to be corroborated or supported. To the extent he has been inconsistent in what he has said, you may consider the degree of inconsistency which you find, and you may consider the reasons which you find for the inconsistency, in evaluating the defendant's testimony."

It is well settled that the doctrine of constancy of accusation does not violate an accused's right to confrontation, equal protection or due process. See *State* v. *Troupe*, 237 Conn. 284, 290–91, 677 A.2d 917 (1996) (holding that doctrine does not violate right of confrontation); *State* v. *Kelley*, 229 Conn. 557, 563–67, 643 A.2d 854 (1994) (holding that doctrine does not violate equal protection); *State* v. *Martin*, 38 Conn. App. 731, 735–39, 663 A.2d 1078 (1995), cert. denied, 237 Conn. 921, 676 A.2d 1376 (1996) (holding that doctrine does not violate due process). Because the constancy of accusation doctrine does not violate an accused's constitutional rights, we find it unnecessary to require the court to deliver a constancy of denial instruction as a counterweight.

The defendant's constancy of denial instruction is akin to the "consciousness of innocence" doctrine, which has come before the courts of this state. This court in *State* v. *Pettway*, 39 Conn. App. 63, 664 A.2d 1125, cert. denied, 235 Conn. 921, 665 A.2d 908 (1995), ruled that a trial court was not obligated to deliver a jury instruction on consciousness of innocence. In *Pettway*, the defendant's counsel requested a jury instruction based on the fact that the defendant did not flee when approached by the police, which was purportedly an action consistent with his consciousness of innocence. Id., 77–78. In *State* v. *Jennings*, 19 Conn. App. 265, 562 A.2d 545, cert. denied, 212 Conn. 815, 565 A.2d 537, cert. denied, 212 Conn. 815, 565 A.2d 537 (1989), this court upheld a trial court's refusal to give a similar instruction, finding no support in law for such a request.

In the present case, because of his continuous assertion of his innocence, the defendant wanted the jury instructed that this fact was consistent with his supposed innocence. This position is almost identical to that of the defendants in the line of cases in which a consciousness of innocence instruction was not

required. We are not persuaded by the defendant's contention that the jury needed further instruction concerning the weight given to the defendant's continuous assertion that he was innocent.

## II

The defendant's second claim is that during final argument the state improperly referred to the defendant's failure to attend a scheduled meeting with the police, thereby undermining his right to the presumption of innocence. The defendant concedes that this issue was not raised or preserved at trial, but seeks review pursuant to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).[5] We decline to review the defendant's second claim because it is not of constitutional magnitude and, therefore, does not meet the second prong of *Golding*.

"We will not afford Golding review to [unpreserved] claims of prosecutorial misconduct where the record does not disclose a pattern of misconduct pervasive throughout the trial or conduct that was so blatantly egregious that it infringed on the defendant's right to a fair trial. . . .

"In determining whether a prosecutor's conduct was so egregious as to deny a defendant a fair trial, we note that some leeway must be afforded to the advocates in offering arguments to the jury in final argument. [I]n addressing the jury, [c]ounsel must be allowed a generous latitude in argument, as the limits of legitimate

[5] Our Supreme Court in *State* v. *Golding*, supra, 213 Conn. 239–40, stated: "[W]e hold that a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail."

argument and fair comment cannot be determined precisely by rule and line, and something must be allowed for the zeal of counsel in the heat of argument. . . . [W]e must review the comments complained of in the context of the entire trial." (Citations omitted; internal quotation marks omitted.) *State* v. *Hansen*, 39 Conn. App. 384, 395, 666 A.2d 421, cert. denied, 235 Conn. 928, 667 A.2d 554 (1995).

We conclude that this claim is not reviewable under *Golding* because the argument by the state's attorney was not so egregious as to deprive the defendant of a fair trial and the claim, therefore, is not of constitutional magnitude.

### III

The defendant's third claim is that the trial court improperly denied his request to poll the jury upon return of the verdict.

After the verdict was read, the trial court instructed the six jurors that "[i]f you all agree that this is your verdict just nod please, so that the court is aware that you're responding." The defendant then orally moved the trial court to poll each juror. The trial court responded, "I'm satisfied by the acknowledgment of each of the jurors after the verdict was read, that the verdict is their unanimous verdict."

At the time of trial, Practice Book § 869 provided in relevant part: "After a verdict has been returned and before the jury have been discharged, the jury may be polled at the request of any party or upon the judicial authority's own motion." "The decision to poll the jury is discretionary with the court. *State* v. *Avcollie*, 188 Conn. 626, 644, 453 A.2d 418 (1982), cert. denied, 461 U.S. 928, 103 S. Ct. 2088, 77 L. Ed. 2d 299 (1983); *State* v. *Tucker*, 181 Conn. 406, 420, 435 A.2d 986 (1980). In determining whether there has been an abuse of

discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. *DiPalma* v. *Wiesen*, 163 Conn. 293, 298, 303 A.2d 709 [1972]. *State* v. *Barlow*, 177 Conn. 391, 394, 418 A.2d 46 (1979). Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. *State* v. *Brown*, 169 Conn. 692, 702, 364 A.2d 186 (1975). *State* v. *Jones*, 180 Conn. 443, 448, 429 A.2d 936 (1980)." (Internal quotation marks omitted.) *State* v. *Tirado*, 194 Conn. 89, 95, 478 A.2d 606 (1984).

The trial court was in the best position to observe the demeanor of the jurors when they assented to the verdict. Apparently satisfied that the verdict was unanimous, the trial court denied defense counsel's request to poll. Under the circumstances of this case, there is nothing in the record to indicate that the trial court abused its discretion in refusing to poll the jury, nor is this an issue of constitutional magnitude.

The judgment is affirmed.

In this opinion the other judges concurred.