[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
Defendant's Motions for the Court's in-camera Review and Release of the Personnel File for each of the Police Officers connected with this case dated January 30, 1996 and Supplemental Motion for Disclosure dated January 30, 1996 City of Waterbury's Motion to Quash dated July 15, 1996.
 I.
Rene DeJesus is charged with sale of cocaine and has issued a subpoena duces tecum to the Waterbury chief of police for the personnel and internal affairs files of each of the police of the officers named as trial witnesses. The City of Waterbury has filed a motion to quash that subpoena. The defendant by his motions asks the court to conduct an in-camera inspection of these records and "to release to . . . [him] any and all documents, records and/or information pertaining to all disciplinary action(s) instituted and/or taken against any and all of the aforementioned officers which would be consistent with that demanded in the subpoena and relevant to the issue of credibility of those officers."[1]
The state and the defendant filed briefs and the court heard the parties' oral argument July 10, and 16, 1996. At those hearings, CT Page 5163-IIII DeJesus made no claims concerning the conduct of any officer, made no offer of proof and submitted no affidavits or evidence in support of his motions.
 II.
At oral argument, the defendant conceded that he had no suspicions or specific facts concerning the conduct of any one of the police officers listed as witnesses that would tend to impugn any such officer's truthfulness or veracity. In response to the court's inquiry, DeJesus indicated that he had no facts as to any one of the officers conduct for truth or veracity, but by these motions he was seeking a modified right of discovery; namely, asking the court to conduct an in camera inspection to determine if there might be information in the subpoenaed files helpful for cross examination purposes. The defendant likened this request to the opportunity the state has to search computer records to determine if his client has any record of criminal convictions. Finally, DeJesus indicated that he had no legal authority from any jurisdiction to support his request for a court-sponsored inquiry in this precise context.
The state, in objecting to the in camera inspections, noted that the defendant under existing case law was not entitled to the inspection because DeJesus had not offered any predicate facts suggesting that any of the involved police officers' records might contain information damaging to their truthfulness or veracity and thus the defendant was engaged in a fishing expedition. It argues that an in camera inspection by the court in these precise circumstances is not authorized by the Connecticut case law and it relies principally upon State v.Januszewski, 182 Conn. 142 (1980); State v. Perry, 195 Conn. 505
(1985); State v. Rodriguez, 37 Conn. App. 589 (1995); and Statev. Moore, 23 Conn. App. 479 (1990). The City of Waterbury in support of its motion to quash presents a similar argument. We agree.[2]
 III.
The seminal case concerning court inspection and disclosure of police personnel files in this jurisdiction is, as the parties suggest, State v. Januszewski, 182 Conn. 142 (1980). There, the defendant, believing that a state police trooper, a key witness against him, was the subject of disciplinary actions, subpoenaed his personnel records, but the trial court granted the state's CT Page 5163-JJJJ motion to quash the subpoena. Our supreme court determined that the trial court was in error in failing upon that record to conduct an in camera inspection of the subpoenaed records and held that the trial court must balance the police officer's right to the confidentiality of the officer's records versus the defendant's "need to examine confidential matter for the purpose of discovering impeaching material. . . ." Id. 171. However, the court counseled that "No criminal defendant has the right to conduct a general `fishing expedition' into the personnel records of a police officer." Id. 172. The court also directed that "routine access to personnel files is not to be had. Requests for information should be specific and should set forth the issue in the case to which the personnel information sought will relate."Id. 173. This jurisprudence has been reflected in the two subsequent Appellate Court decisions: State v. Rodriguez,37 Conn. App. 589 (1995); and State v. Moore, 23 Conn. App. 479
(1990).
In both Rodriguez and Moore, the trial courts were furnished facts concerning the involved officers' conduct which prompted those courts to conduct the requested in camera inspections. However, as noted in Moore, where the defendant furnished no factual nexus between the case on trial and the specific personnel information requested, "the ensuing inspection of the files would have been no more than a general fishing expedition."Id. 487.
Courts in other jurisdictions have also indicated that a criminal defendant must make a threshold showing for the trial court to make an in camera inspection of the requested police personnel files. U.S. v. Kiszewski, 877 F.2d 210, 215-16 (2nd Cir. 1989);State v. Butts, 640 S.W.2d 37, 39 (Tenn.Crim.App. 1982);Pitchess v. Superior Court of Los Angeles County, 522 P.2d 305,309 (Cal. 1974).
Since Rene DeJesus has failed to meet the threshold factual showing that the involved police officers' subpoenaed files might furnish information helpful to him in impeaching their truth and veracity, the defendant's pretrial request that the court conduct an in camera inspection of these personnel files is denied and the city's motion to quash this overly-broad subpoena is granted.
Orders may enter accordingly.
William Patrick Murray CT Page 5163-KKKK a judge of the Superior Court