[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DISCOVERY DISPUTES
Various disputes have arisen between plaintiffs and defendants in this case concerning discovery issues.
This matter has been thoroughly briefed. Extensive oral argument took place on June 13, 1997. I have reviewed this matter, and now rule as follows.
Plaintiffs' Objections to Defendants' Discovery Requests
 1. Interrogatory 2: Defendants have been asked in defendants' first request for disclosure and production to "Identify any and all persons with knowledge of facts relevant to this lawsuit." Plaintiffs have objected to this interrogatory for numerous reasons, including the grounds that it is vague, overly broad and unduly burdensome. Plaintiffs have also asserted that the interrogatory seeks information protected by the attorney work product doctrine. Plaintiffs' objections are overruled in part. I agree with plaintiffs that this case is analytically CT Page 7262 distinguishable from a case involving a limited number of witness to an accident or an occurrence. This case involves a systemic challenge to certain practices, and raises fundamental constitutional issues. Consequently, a request that plaintiffs identify any and all persons with "knowledge of facts relevant to this lawsuit" creates more ambiguity than in the normal case involving, for example, a construction accident. Nonetheless, I believe that the legitimate goals of discovery, including minimizing surprise at trial, will be furthered in this case by requiring plaintiffs to furnish to defendants a list of names of persons who plaintiffs, in good faith, believe have knowledge of facts relevant to this lawsuit. I conclude that providing a list of names will assist in ensuring that defendants have the opportunity — prior to trial — to fully investigate and develop their case. While recognizing that this case is wholly different from the usual civil case, I fundamentally agree with defendants' argument that the identity of names is not something which is the result of the work product of an attorney, and that these names are properly discoverable under Practice Book Sections 218 and 219. See Ishikawa v. McDonald, 7 Conn. L. Trib., No. 3, p. 12 (1980). Also see In re Dayco Corp. Derivative SecuritiesLitigation, 99 F.R.D. 616, 624 (S.D.Ohio, W.D., 1983); AmericanFloral Services, Inc. v. Florists' Transworld DeliveryAssociation, 107 F.R.D. 258 (N.D.Ill., E.D. 1985), at pages 260-261. (". . . the identity of witnesses having knowledge of relevant facts is discoverable information.") Counsel for plaintiffs and defendants are therefore ordered to confer so as to minimize the need for plaintiffs to waste time, resources and effort by unnecessarily listing certain names, e.g., the names of each and every Connecticut prosecutor, judge and the like. Plaintiffs shall provide a list to defendants as soon as one can reasonably be provided.
2. Interrogatories 9, 11, 12, 13, and 14, and Requests forProduction 1, 2 and 7: To summarize, these interrogatories all seek information relating to the making of statements by various persons, relating to who has custody of such statements, and numerous related matters. Requests for Production 1 and 2 essentially seek the production of identified documents and statements. While these interrogatories raise somewhat different issues, they also raise common concerns, and are therefore dealt with collectively. Plaintiffs have objected to these interrogatories and requests for production on various grounds. For example, plaintiffs' objection to Interrogatory 9 states as follows in part: CT Page 7263
 Objection: Plaintiffs object to this interrogatory as overly broad and unduly burdensome to the extent that it seeks information within the possession and control of the defendants, since that information cannot be provided by plaintiffs with substantially greater facility than it could otherwise be obtained by defendants. Plaintiffs also object to this Interrogatory to the extent that it seeks to require plaintiff's counsel to reveal their work product. . .
In other objections — for example the objection to Interrogatory Number 11 — plaintiffs also assert that they object "to the extent that it seeks statements by non-parties that . . . are protected by the attorney-client privilege."[1]
Plaintiffs have thus variously asserted both work product and attorney-client privileges in their responses to these interrogatories.
Having considered this matter further since the the June 13 hearing, I have concluded that these matters require the involvement of another judge, who may wish to hear further argument on these matters, require plaintiffs to prepare a log identifying each document as to which attorney-client or work product objections are asserted, and who may wish to review some or all of the subject documents in chambers. As I noted at the June 13 hearing, as the trier of fact, I do not believe it is wise for me to undertake this task myself.
Therefore, the dispute relating to Interrogatories 8-14, and Requests for Production 1 and 2 will be referred to another judge for resolution.
3. Interrogatory 15: This interrogatory is largely duplicative of Interrogatory 2, ruled upon above, except that it also asks plaintiffs to "give a summary of that person's knowledge or information." Plaintiffs have made numerous objections to this interrogatory. To the extent that defendants ask plaintiffs to provide "a summary of that person's knowledge or information," plaintiffs' objections are sustained. To require plaintiffs to provide such summaries would be unduly burdensome given the nature of this case. Additionally, in light of my ruling with respect to Interrogatory 2, plaintiffs need not separately comply with this interrogatory because of its duplicative nature. CT Page 7264
4. Request for Production 7: Defendants have asked plaintiffs to produce all "statements, notes, or opinions concerning the Division of Public Defender Services' made by identified expert witnesses. Plaintiffs have objected, asserting that the request goes beyond what is required pursuant to Practice Book Section 220. I agree. As plaintiffs note, the introductory clause of Practice Book Section 220 provides:
 Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of Sec. 218 and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows: (Emphasis added.)
Practice Book Section 220(A)(1) does not require plaintiffs to make the disclosure sought. See, e.g., Marsh v. Jackson, F.R.D. 431 (W.D.Va. 1992). Defendants have cited no Connecticut case supporting their argument. Plaintiffs' objection is therefore sustained.
Defendants' Objections to Plaintiffs' Discovery Requests
Chief Public Defender Gerard Smyth submitted an affidavit in support of defendants' motion to dismiss dated April 12, 1995, in this case. In paragraph 17 of that affidavit, Mr. Smyth stated as follows: "Based on my review of attorney evaluations, discussions with public defenders or supervisory assistant public defenders, and review of other indicators, I believe that the Division of Public Defender Services provides effective representation to indigent defendants."
Plaintiffs' First Request for Production of Documents, Request 16, seeks all "attorney evaluations" referred to by Mr. Smyth. Defendants have objected to making disclosure, asserting that such materials are confidential under the law and that their disclosure would constitute an invasion of personal privacy, citing Connecticut General Statutes Section 1-19 (b)(2).
I believe that the defendants' argument is the more persuasive based on the present record.
As plaintiffs correctly point out, Section 1-19 (b)(2) exempts certain records from disclosure under the Freedom of Information Act. However, as plaintiffs also note, Section 1-19
CT Page 7265 (b) provides that "nothing in Sections 1-19 to 1-19b, inclusive . . . shall be deemed in any manner . . . to limit the rights of litigants . . . under the laws of discovery of this state." See West Hartford Board of Education v. Connecticut Boardof Labor Relations, 190 Conn. 235, 245 (1983). Plaintiffs are therefore correct, strictly speaking, when they assert these sections do not in themselves prohibit disclosure of personnel records in litigation.
However, as defendants note, there is no doubt that the disclosure of attorney evaluations contained within personnel files implicates significant privacy concerns of lawyers employed by public defender offices in Connecticut. Our Supreme Court has made this unambiguously clear. In Chairman v. Freedom ofInformation Commission, 217 Conn. 193, 199-200, the court stated that disclosure of a personnel evaluation in which a state employee entertained a reasonable expectation of privacy "would constitute an invasion of privacy as a matter of law." As the court noted in Perkins v. Freedom of Information Commission228 Conn. 158, 174 (1993), ". . . disclosure of internal, departmental, personnel evaluations would constitute an invasion of privacy in part because the evaluations were conducted under appropriate confidential circumstances with the employees, thereby making such reports matters that do not legitimately concern the public."
As defendants also point out, the issue of permitting access to personnel files is not new. In State v. Januszewski182 Conn. 142, 172-73 (1980), a criminal case admittedly involving significantly different legal issues, our Supreme Court stated:
 In recognizing the danger of permitting the disclosure of personnel records of any witness or litigant, one court has said: "It has been widely noted that such records often contain raw data, uncorroborated complaints, and other information which may or may not be true but may be embarrassing, although entirely irrelevant to any issue in the case, even as to credibility. We reemphasize that, in resolving requests for disclosure, routine access to personnel files is not to be had. Requests for information should be specific and should set forth the issue in the case to which the personnel information sought will relate. The trial court should make available . . . only information that it concludes is clearly material and relevant to the issue involved. [Citation omitted.]
CT Page 7266
See also State v. Leonard, 31 Conn. App. 178, 198 (1993);State v. Moore, 23 Conn. App. 479, 487 (1990), both also criminal cases.
In this case, it is to be emphasized, plaintiffs are not asserting claims of ineffective assistance of counsel against individual public defenders or assistant public defenders. They are asserting, rather — to summarize and simplify — that the public defender system as a whole is deficient due to a lack of resources. The fact that Mr. Smyth made a passing reference to having reviewed certain attorney evaluations does not provide a basis for plaintiffs to obtain the requested files. Plaintiffs have provided no persuasive argument in support of their request. I therefore conclude, given the circumstances of this case, that plaintiffs' present request is not reasonably calculated to lead to the discovery of admissible evidence, see Practice Book Section 218, particularly in light of the significant privacy interests involved. Therefore, defendants' objection is sustained.[2]
Conclusion
The parties are urged to continue their efforts to resolve discovery disputes. The parties are also directed to contact Judge Berger, in writing, to seek assignment of a judge to whom existing discovery disputes will be referred.
Lavine, J.