[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Joyce Gillogly, appeals from a decision of the defendant, Commissioner of the State of Connecticut Department of Motor Vehicles ("DMV"), suspending her motor vehicle operator's license for a period of six months. The DMV acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of her blood after having been arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to the Uniform Administrative Procedure Act ("UAPA"), General Statutes §§ 4-166 et seq., 4-183.
In her appeal, the plaintiff raises a single issue as to whether the police had a reasonable and articulable suspicion to stop her vehicle.[1]
CT Page 10555
Ms. Gillogly was stopped by a police officer who was performing school crossing guard duties, based on the report of a school bus driver who was concerned by the erratic operation of the plaintiffs vehicle. The DMV hearing officer, in his decision which represents the final decision in this case, made the following subordinate findings of fact: "The police reports states an unidentified bus driver spoke directly with a police officer regarding the erratic operation of the respondent and that on that basis he stopped the respondent to investigate. The respondent at the time was stopped directly behind the school bus and the police officer made an immediate attempt to stop and inquire of the respondent. Based on the findings of Clark v.Muzio (1986) it appears there was sufficient articulable suspicion to stop the respondent and her arrest for DUI was based on probable cause" (Return of Record ("ROR"), Item 5, Decision, p. 2.)
The difficulty presented by this case is created by the hearing officer's apparent redaction of the bus driver's comments which he relied upon for his subordinate findings of fact. In the transcript of the February 23, 1999 hearing, the hearing officer, in response to objections to the admissibility of the police report, indicates as follows: "Counsel, with respect to the unidentified school bus driver, that part of the report I will redact . . . so as to the statements of the school bus driver as I stated previously, I will try to as best as I can redact those as to Officer Garfield." (ROR, Item 2, Transcript, p. 3.)
Thus, the evidence to support the reasonable and articulable suspicion (the bus driver's statement) appears to have been redacted from the record. The basis of the objection to the statements of the bus driver was their characterization as hearsay. That such an objection would be the basis for the exclusion of such statements is clearly erroneous. "A statement made out of court that is offered to establish the truth of the facts contained in the statement is hearsay." C. Tait J. LaPlante, Tait LaPlante's Handbook of Connecticut Evidence (2nd Ed. 1988) § 11.1.1, pp. 316-17. Whether Ms. Gillogly was operating erratically behind the school bus was not at issue in the hearing. The only value of the statement was to show its effect on the officer who received the report. "Statements of others that show the effect on the hearer or reader are not hearsay on such issues as notice, intent, reasonableness, or good faith on the part of the hearer or reader. McCormack § 250." CT Page 10556 C. Tait J. LaPlante, Tait LaPlante's Handbook of Connecticut Evidence (2nd Ed. 1988) § 11.3.3, p. 324. Where the issue is not guilt but probable cause to issue a warrant, hearsay statements made to a police officer are admissible to show reasonable cause, provided the underlying circumstances indicate that the statements are reliable. See State v. Vinal,205 Conn. 507. 512-13 (1987), cert. denied, 489 U.S. 1097 (1988). It is also an axiom of evidentiary law that in hearings considering issues of probable cause (or articulable suspicion) in that they do not determine guilt, the rules of evidence are normally relaxed and the admission of otherwise inadmissible evidence is not erroneous. C. Tait J. LaPlante, Tait LaPlante's Handbook of Connecticut Evidence (2nd Ed. 1988) § 1.2.2(c), pp. 5-6. Furthermore, the UAPA specifically allows for the admission of hearsay evidence especially of such a tangential nature. C. Tait J. LaPlante, Tait LaPlante's Handbook of Connecticut Evidence (2nd Ed. 1988) § 1.2.5, p. 10; see also PaQuette v. Hadley,45 Conn. App. 577 (1977); O'Sullivan v. DelPonte,27 Conn. App. 377 (1992).
The court concludes that the bus driver's report to the police was clearly admissible evidence and was properly considered by the hearing officer in determining that the police officer had an articulable suspicion upon which to stop Ms. Gillogly's vehicle.
It may have been error for the hearing officer to indicate that the bus driver's statements would be "redacted" and then rely upon them in making his subordinate findings. However, our Supreme Court has ruled that harmless error analysis is available in an administrative context. See Ann Howard's ApricotsRestaurant. Inc. v. CHRO, 237 Conn. 209, 227-28 (1996). The agency decision under the UAPA must be affirmed unless the substantial rights of a party have been prejudiced. Ms. Gillogly had no right to have the bus driver's statements to the police officer redacted or excluded from the record.
The court's "review of an agency's factual determination is constrained by General Statutes § 4-183 (j), which mandates that a court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (5) clearly erroneous in view CT Page 10557 of the reliable, probate, and substantial evidence on the whole record. . . This limited standard of review dictates that, with regard to questions of fact, it is neither the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency . . . An agency's factual determination must be sustained if it is reasonably supported by substantial evidence in the record taken as a whole. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . This substantial evidence standard is highly deferential and permits less judicial scrutiny than a clearly erroneous or weight of the evidence standard of review he burden is on the plaintiffs to demonstrate that the [agency's] factual conclusions were not supported by the weight of substantial evidence on the whole record. . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.) 247 England Cable Television Assn. Inc. v. DPUC, 247 Conn. 95,117-18 (1998).
The bus driver's statements to the police officer that the plaintiff was erratically operating her motor vehicle behind the school bus gave the officer a reasonable and articulable suspicion to stop her vehicle. "It is enough that the police officer initiating the chain of communication either had firsthand knowledge or received his information from some person — normally the putative victim or an eyewitness — who it seems reasonable to believe is telling the truth." State v. Acklin, 171 Conn. 105, 112 (1976). "The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. Adams v. Williams, 407 U.S. 143, 145, 92 S.Ct. 1921,32 L.Ed.2d 612 (1972)." State v. Holloman, 20 Conn. App. 521, 525 (1990).
Substantial evidence in the record establishes that the plaintiff was operating her motor vehicle on a public highway; the police had probable cause to arrest her for operating under the influence of alcohol; she was arrested for such offense and refused to submit to a blood alcohol test.
The decision is affirmed and the appeal is dismissed.
Robert F. McWeeny, Judge