******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

ELGO, J., concurring in part and concurring in the judgment. I agree with and join part I of the majority opinion. I do not agree that the trial court abused its discretion by failing to credit the testimony of the family relations counselor. Rather, I believe the trial court committed reversible error in refusing to consider the substance of that testimony. Accordingly, I respectfully concur with the result reached in part II of the majority opinion.

The issue before this court is a purely evidentiary one regarding the testimony of Nicole Stutz, a family relations counselor. At the hearing in question, Stutz offered testimony regarding supervised visitation between the defendant, Gerald E. Dufresne, Jr., and his minor daughter that was conducted in conjunction with the Access Agency, and the Transitions in Parenting program (TIP), following the trial court's referral of the matter to the family services unit of the Court Support Services Division of the Judicial Branch. In her testimony, Stutz (1) read from a report prepared by Access Agency and (2) testified as to the contents of a report prepared by a clinical social worker involved in the TIP program.

It is undisputed that the defendant never objected to Stutz' testimony on hearsay grounds. The trial court nonetheless rejected Stutz' testimony on that basis. As the court stated in its memorandum of decision: "Although [Stutz] testified about what allegedly occurred at Access Agency and the testing by TIP, she was not present during these events. Her testimony relied solely on hearsay events and occurrences outside her observations. . . . The court does not credit her testimony concerning Access Agency or TIP because she did not observe the alleged events contained in the Access Agency report and the TIP report that were never introduced into evidence."[1]

It is well established that the trial court "is in the best position to view the evidence in the context of the entire case and has wide discretion in making its evidentiary rulings." *State* v. *Schovanec*, 326 Conn. 310, 320, 163 A.3d 581 (2017); see also *Misthopoulos* v. *Misthopoulos*, 297 Conn. 358, 382, 999 A.2d 721 (2010) (trial court has broad discretion in ruling on admissibility of evidence). Nonetheless, a fundamental prerequisite to the exercise of that broad discretion is an objection by a party to the proceeding. As this court has explained, "[a] failure to make a sufficient objection to evidence which is incompetent waives any ground of complaint as to the admission of the evidence. But it has another effect, equally important. If the evidence is received without objection, it becomes part of the evidence in the case, and is usable as proof to the extent of the

rational persuasive power it may have." (Internal quotation marks omitted.) *Cohen* v. *Cohen*, 11 Conn. App. 241, 248, 527 A.2d 245 (1987). For that reason, our Supreme Court has emphasized that "[e]vidence admitted without objection remains evidence in the case subject to any infirmities due to any inherent weaknesses." *Marshall* v. *Kleinman*, 186 Conn. 67, 72, 438 A.2d 1199 (1982).

In the present case, the trial court did not reject Stutz' testimony due to any inherent weakness. Both the court's memorandum of decision and its subsequent articulation plainly indicate that the court rejected her testimony solely on hearsay grounds, in contravention of the aforementioned precedent. Because hearsay objections pertain to the issue of evidentiary admissibility; see *State* v. *Vinal*, 205 Conn. 507, 515, 534 A.2d 613 (1987); *State* v. *Papineau*, 182 Conn. App. 756, 779, 190 A.3d 913, cert. denied, 330 Conn. 916, 193 A.3d 1212 (2018); rather than evidentiary weight, I respectfully disagree with my colleagues that the error in the present case arises from the court's failure to credit Stutz' testimony. Rather, I believe that it is the court's refusal to consider the substance of that testimony which constitutes reversible error.[2]

The distinction between failing to consider certain evidence and failing to credit that evidence is not merely semantic. I fully agree with the majority's conclusion that the trial court improperly rejected Stutz' testimony on hearsay grounds.[3] That testimony properly was admitted without objection by the defendant. The trial court, therefore, was obligated to consider the substance of that evidence. *Marshall* v. *Kleinman*, supra, 186 Conn. 72; *Cohen* v. *Cohen*, supra, 11 Conn. App. 248. At the same time, our precedent instructs that such evidence remains "subject to any infirmities due to any inherent weaknesses." *Marshall* v. *Kleinman*, supra, 72; accord *Volck* v. *Muzio*, 204 Conn. 507, 518, 529 A.2d 177 (1987) ("[w]hen hearsay statements have come into a case without objection they may be relied upon by the trier . . . in proof of the matters stated therein, for whatever they were worth on their face" [internal quotation marks omitted]).

In all cases, it remains the prerogative of the trial court to determine the proper weight to be accorded the evidence before it. See *Fucci* v. *Fucci*, 179 Conn. 174, 183, 425 A.2d 592 (1979). With respect to family relations counselors specifically, our Supreme Court has explained: "We have never held, and decline now to hold, that a trial court is bound to accept the expert opinion of a family relations officer. As in other areas where expert testimony is offered, a trial court is free to rely on whatever parts of an expert's opinion the court finds probative and helpful. . . . The best interests of the child, the standard by which custody decisions are measured, does not permit such a predeter-

mined weighing of evidence." (Citations omitted.) *Yontef* v. *Yontef*, 185 Conn. 275, 281–82, 440 A.2d 899 (1981). I therefore respectfully disagree with the conclusion of my colleagues that the trial court in the present case abused its discretion in "failing to credit" Stutz' testimony.[4]

On the facts of this case, I would conclude that the trial court committed reversible error when it declined to consider the substance of Stutz' testimony on hearsay grounds. I therefore agree that the case must be remanded to the trial court for further proceedings on the motion in question.

[1] The plaintiff, Lisa A. Dufresne, now known as Lisa A. Blasdell, thereafter requested an articulation of the basis for that determination. In response, the court issued an articulation, in which it stated that it had "found that some of the testimony of [Stutz] was unreliable and untrustworthy because it was hearsay." In neither its March 12, 2018 memorandum of decision nor its July 13, 2018 articulation did the court provide any other basis for rejecting Stutz' testimony.

[2] The issue presented in this appeal concerns the court's rejection of Stutz' testimony. I acknowledge that the plaintiff's appellate brief references the court's failure to credit that testimony. At the same time, the plaintiff in that brief argued that "[t]here was no basis for the court's rejection of [Stutz'] testimony." The plaintiff further stated: "Critically, the court did not reject [Stutz'] testimony because the court did not find it to be substantively credible; [the court] rejected it categorically because it was hearsay." The defendant, therefore, was on notice that the plaintiff's contention concerned the court's wholesale rejection of the testimony offered by the family relations counselor.

The plaintiff further clarified the specific nature of her claim during oral argument before this court. At that time, the plaintiff's counsel argued that the trial court, in its memorandum of decision, had said that Stutz' testimony " 'is all hearsay and I'm going to disregard it.' Now, this is important [as to] what [this claim] is not about. This is not a situation where the court said, 'I don't find [Stutz] credible.' Or, 'I don't find the underlying data that [Stutz was] reporting to be credible.' Or, 'I don't find the [defendant's] testimony to be more credible.' What happened is, there was a categorical rejection of [Stutz' testimony regarding the supervised visitation administered by the Agency Access and the TIP program] because it was hearsay." Soon thereafter, the plaintiff's counsel was asked if he was arguing that the trial court was obligated to credit Stutz' testimony. In response, counsel stated: "No. [The court] was required to hear it, and [the court] didn't. [The court] was required to not categorically reject it on the basis of hearsay, but to give it the opportunity and to weigh it and compare it to [the defendant's] testimony. . . . The court would be in the role, as the arbiter of credibility, to make a determination [as to whether Stutz] was accurately reporting and, if so, is the underlying data reliable or is it credible, and to weigh it against [the defendant's] credibility. But that didn't happen here because [the court] said, 'I'm not going to give [Stutz' testimony] any weight at all because it's hearsay.' "

[3] In light of that conclusion, I believe that much of the factual recitation set forth in the majority opinion is unwarranted. Because this court today concludes that the trial court improperly rejected the testimony of the family relations counselor, necessitating reversal of the court's judgment, I believe that the factual findings made by the court subsequent to that evidentiary error are largely irrelevant to the claims presented in this appeal.

[4] I appreciate the plaintiff's argument regarding the proper role of family relations counselors like Stutz. As our Supreme Court has noted, "[f]amily relations evaluators assist the court by providing a disinterested assessment of the circumstances of a case." (Internal quotation marks omitted.) *Barros* v. *Barros*, 309 Conn. 499, 515–16, 72 A.3d 367 (2013); see also id., 504 ("[f]amily relations provides myriad services to help parties resolve custody and visitation disputes, including negotiation, conflict resolution conferences, and mediation"). To that end, Practice Book § 25-61 provides in relevant part that "[t]he family services unit shall, at the request of the judicial authority, provide assistance with regard to issues concerning custody, visitation, finances, mediation, case management and such other matters

as the judicial authority may direct, including, but not limited to, an evaluation of any party or any child in a family proceeding. . . ."

The record before us suggests that the plaintiff merely was adhering to existing Judicial Branch policy when she called Stutz to testify before the court. This case involves a referral by the trial court to the family services unit, which precipitated both Stutz' involvement in the matter and her testimony before the court. As the plaintiff notes in her appellate brief, Policy No. 3.20 of the Judicial Branch's Court Support Services Division, which became effective on August 1, 2016, sets forth a policy by which the family services unit "will be available to screen and accept referrals from the Family Civil Court to provide General Case Management for any custody and visitation matter." In defining "General Case Management," § 1 of that policy states in relevant part that "[e]very effort will be made . . . to provide the court with needed information . . . . Factual information and testimony will be provided to the court as required." Section 5 F further states that the family relations counselor "will report to the Court . . . as ordered," and will "testify as ordered by the Court and will provide factual information." In short, the policy plainly contemplates the testimony of family relations counselors before our family courts. In light of that existing policy—as well as the fact that Stutz' involvement originated in a referral from the court— the plaintiff's consternation with the trial court's decision to disregard Stutz' testimony on hearsay grounds is understandable. Although the trial court was not obligated to credit that testimony; see *Barros* v. *Barros*, supra, 309 Conn. 514; I do believe that the policy, and the important interests that the general case management scheme is designed to further, required the court to at least consider the substance of Stutz' properly admitted testimony in the present case.

———————————————